1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

AARON DOYLE,

8                   Plaintiff,

9            v.

10   HALEY TAYLOR (dismissed),
     BRIAN CHASE, and LAW
11   OFFICES OF BRIAN CHASE,
     PLLC,
12

13                   Defendants.

14

NO.  CV-09-158-RHW

**ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

15    Before the Court are Defendants' Motion for Summary Judgment (Ct. Rec.

16  35), as well as several other miscellaneous motions (Ct. Recs. 44, 50, 57, 63, 76,

17  88 & 89). A hearing on these motions was held on May 19, 2010. For the reasons

18  set forth below, the Court grants Defendants' Motion.

19                        **I. BACKGROUND AND FACTS**

20    This case has an extensive backstory, but the operative facts are simple and

21  nearly undisputed. Plaintiff brought this lawsuit against Haley Taylor, Brian

22  Chase, and Brian Chase, PLLC under the Computer Fraud and Abuse Act

23  ("CFAA"), § 1030(a)(2), also alleging several state law claims. Defendant Taylor

24  was previously dismissed by stipulation of the parties (Ct. Rec. 34).

25    Plaintiff alleges that Defendant Chase obtained a USB thumb drive from

26  Plaintiff's client, Haley Taylor, in February of 2009 and it remained in his

27  possession until May of 2009. Plaintiff alleges that this thumb drive was his

28  property and that Haley Taylor stole this thumb drive from him. For the purposes

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT** * 1

of this motion, Defendant assumes as true that Ms. Taylor in fact stole the thumb drive. However, Defendant declares that Ms. Taylor told him she had received the thumb drive in an anonymous mailing. Plaintiff asserts that Defendant made a copy of the contents of this thumb drive and put all of the documents onto his laptop computer. Defendant eventually returned the original thumb drive to the Moses Lake Police Department in October of 2009 in compliance with a state court order. During the time that Defendant possessed this thumb drive, he emailed electronic copies, printed out copies and disseminated paper copies of the documents on the thumb drive to third parties.

One of the documents contained in the thumb drive was titled "Notice of Proposed Termination" from Plaintiff's former employer, the Sierra County Sheriff's Office. It was rescinded after a settlement was reached between both of the parties, and the California state court sealed the file. The California state court found that "[t]he records include confidential personnel records ordinarily protected against disclosure by the employee's right to privacy . . . [d]isclosure of the contents of the records lodged conditionally under seal would unduly embarrass [Aaron Doyle]." Defendant distributed this document to various parties, including filing it in at least two court proceedings in Washington state courts.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A material fact is one which might affect the outcome of trial under the governing law. *Lindahl v. Air France*, 930 F.2d 1434, 1436 (9th Cir. 1991) (citation omitted). The substantive law in the case is essential because it determines which facts are relevant to resolution of a case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). In response to summary judgment, the non-moving party may not rely on its pleadings, thus must respond with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56. The non-moving party must present

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** * 2

facts with probative value, which "tend to support[] the complaint." *Anderson*, 477 U.S. at 249. The facts are to be read in the light most favorable to the non-moving party. *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). To show a genuine issue exists the party must show that a reasonable jury could find for his/her side. *Id.* The finding of a genuine issue of material fact does not need to be conclusive in favor of the party, but must show that a dispute as to the facts requires a trial to resolve the issue. *Id.* at 248-49. Therefore, summary judgement is only appropriate where there is no disagreement as to material facts which would require a jury to consider the facts or the facts are "so one-sided that the [one] party must prevail as a matter of law." *Id.* at 251-52.

### III. ANALYSIS

**A. CFAA Claims**

In pertinent part, the CFAA creates liability for: "Whoever intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains... information from any protected computer." 18 U.S.C. § 1030(a)(2)(C). The Act provides both criminal and civil remedies; any person bringing a civil action must show a loss of at least $5,000 resulting from a violation of the Act. Plaintiff contends that Defendant violated various provisions of the Act when he accessed Plaintiff's USB thumb drive and retrieved the sealed document. Defendant's motion advances two arguments against Plaintiff's CFAA claims: (1) Plaintiff has not shown a loss, as required by the statute, and (2) a thumb drive does not meet the statutory definition of a "computer."

The Act defines "loss" as:

any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

18 U.S.C. § 1030(e)(11). To maintain a civil action, Plaintiff must show that any

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT * 3**

1   such loss exceeded $5,000 in a one-year period. 18 U.S.C. § 1030(c)(4)(A)(i)(I).

2   Defendant argues that Plaintiff has failed to show that he has incurred any costs as

3   a result of Defendant's accessing the thumb drive. In response, Plaintiff retained a

4   computer forensics expert who submitted two declarations detailing the work he

5   anticipates would be required to determine what files were copied from the thumb

6   drive and stored on other computers (Decl. of Aaron Doyle, Ex. 25 & 26, Ct. Recs.

7   69-25 & 69-26). The expert estimates that the cost of such work would easily

8   exceed $5,000. Defendant does not again address his loss argument in his reply

9   memo.

10         The Court finds that the thrust of Plaintiff's loss assessment misses the mark.

11  Plaintiff's expert focuses on the cost that would be incurred by examining other

12  parties' computers – computers onto which Defendant allegedly copied material

13  taken from Plaintiff's thumb drive – and permanently deleting any such material

14  found. However, the Act primarily redresses damages to computers and

15  information accessed in violation of the act. *See generally United States v.*

16  *Middleton*, 231 F.3d 1207, 1210 (9th Cir. 2000). Accordingly, a number of district

17  courts have strictly construed the Act's "damages" and "loss" definitions to find

18  that plaintiffs must identify impairment of or damage to the computer system that

19  was accessed without authorization. *SKF USA, Inc. v. Bjerkness*, 636 F. Supp. 2d

20  696, 721 (N.D. Ill. 2009) (collecting cases); *Civic Ctr. Motors, Ltd. v. Mason St.*

21  *Imp. Cars, Ltd.*, 387 F. Supp. 2d 378, 382 (S.D.N.Y. 2005) ("Costs not related to

22  computer impairment or computer damages are not compensable under the

23  CFAA"). Under this interpretation of the Act, Plaintiff would have to show that the

24  thumb drive itself was somehow damaged or impaired by Defendant's act of

25  accessing the drive.

26         After reviewing the applicable law, the Court finds that Plaintiff has failed to

27  show a loss compensable under the Act. *SKF USA*, cited above, is instructive.

28  There, the court recognized that transferring data from a plaintiff's computer

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** * 4

system to a competitor without authorization fell within the ambit of the Act. 636 F. Supp. 2d at 721 (citing *Pacific Aerospace*). Nonetheless, the court noted that while such "conduct itself may be addressed by the CFAA, Plaintiff nevertheless is required to show that it suffered a harm recognized by the statute." *Id.* Similarly, here Defendant's act of accessing the thumb drive may fall within the scope of conduct prohibited by the Act, but there is no basis in the record to find that the thumb drive was impaired or that Plaintiff will incur any costs associated with restoring any such impairment. Moreover, Plaintiff has not shown "any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." Plaintiff cites no cases, and the Court finds none, recognizing as sufficient the primary loss Plaintiff alleges: the cost of examining others' computer systems and deleting misappropriated files. Rather, every case the Court has reviewed includes an allegation of something more: the costs associated with assessing a hacked system for damage, upgrading a system's defenses to prevent future unauthorized access, or the lost revenue caused by the misappropriation of trade secrets. Under Plaintiff's theory of "loss," a compensable loss could accrue every time any person accessed another person's computer or thumb drive without authorization and copied information stored there, because a forensic expert would have to be retained to examine every computer onto which such information might have been copied, and delete it. That strikes the Court as outside the intended scope of the Act, and it is well beyond any case Plaintiff cites or finds. *See Pacific Aerospace & Elec., Inc. v. Taylor*, 295 F. Supp. 2d 1188, 1194-95 (E.D. Wash. 2003) (describing the history and scope of the CFAA). Rather, Plaintiff appears to be attempting to use the Act and federal court to reach a garden variety case of conversion, a cause of action for which state law provides an adequate remedy. The Court declines to so extend the scope of the Act.

Moreover, even if the Court accepted Plaintiff's theory of loss, Plaintiff's assessment of loss remains entirely speculative at this stage. Plaintiff bases his

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** * 5

assessment solely on two declarations from his expert, David Stenhouse. The first declaration generally describes the process of making a "forensic image" of a computer and comparing the "fingerprints" of files so that unauthorized files can be deleted. However, other than a mention of Mr. Stenhouse's hourly fee, the declaration is devoid of any specific details from which a factfinder could calculate an amount of loss. Mr. Stenhouse's second declaration was prepared on April 15, 2010, well beyond the Scheduling Order's deadline of December 31, 2009, for disclosure of supporting expert witnesses, and the discovery cutoff of March 16, 2010 (Ct. Rec. 31). As such, this second declaration is procedurally improper and the Court declines to consider it.

The Court concludes that no reasonably jury could properly award damages based solely on the expert's declaration. To do so, a jury would have to speculate as to how many computers were involved, how many files were involved, how many hours an expert would require to assess those computers, etc. To properly assess damages in a form that could be recognized by a jury, Plaintiff would have needed to utilize discovery devices to access and examine the computers on which the offending material is believed to be located. As discovery has long since closed, the time for doing so has passed.

For these reasons, the Court grants Defendants' motion for summary judgment.

**B. Remaining Claims**

Plaintiff's CFAA claims are the only basis for federal jurisdiction, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims. In their Motion for Summary Judgment, Defendants assert a vague counterclaim for attorney's fees as a "co-conspirator" with Taylor, who apparently won an Anti-SLAPP lawsuit against Plaintiff in state court. As Plaintiff points out, Defendants failed to raise this counterclaim in their Answer. Although the Answer did reserve the right to do so, the Court finds Defendants' argument for fees to be

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** * 6

1 strained, incomprehensible, and unsupported, and the Court rejects it.

2 **C. Third Party's Motion for Sanctions**

3       Also before the Court are Plaintiff's Motion for Order to Show Cause (Ct.

4 Rec. 44), and Chuck Allen's Motions to Quash (Ct. Rec. 50) and for Sanctions (Ct.

5 Rec. 76). These motions relate to Plaintiff's effort to depose a newspaper reporter

6 and the reporter's resistance thereto. Given the Court's resolution of Plaintiff's

7 federal claims, the Court declines to rule on these motions and remands them to

8 state court for consideration.

9       Accordingly, **IT IS HEREBY ORDERED:**

10     1.  Defendants' Motion for Summary Judgment (Ct. Rec. 35) is

11 **GRANTED.**

12     2.  The District Court Executive is directed to enter judgment in favor of

13 Defendants and against Plaintiff on Plaintiff's first through fourth causes of action.

14     3.  This cause is remanded to the Grant County Superior Court for the

15 consideration of Plaintiff's remaining claims, Plaintiff's Motion for Order to Show

16 Cause (Ct. Rec. 44), and Chuck Allen's Motions to Quash (Ct. Rec. 50) and for

17 Sanctions (Ct. Rec. 76).

18       **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

19 Order, forward copies to counsel, and **close the file**.

20       **DATED** this 24th  day of May, 2010.

21

22                   *s/Robert H. Whaley*

                  ROBERT H. WHALEY

23                United States District Judge

Q:\CIVIL\2009\Doyle\SJ.ord.wpd

24

25

26

27

28

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** * 7